## YASUI v. UNITED STATES.

No. 871.   Argued May 11, 1943.—Decided June 21, 1943.

*Messrs. A. L. Wirin* and *E. F. Bernard* (*Mr. Ralph E. Moody* was with the latter on the brief) for Yasui.

*Solicitor General Fahy*, with whom *Messrs. Edward J. Ennis, Arnold Raum, John L. Burling*, and *Leo Gitlin* were on the brief, for the United States.

Briefs of *amici curiae* were filed by *Messrs. Arthur Garfield Hays, Osmond K. Fraenkel* and *A. L. Wirin*, on behalf of the American Civil Liberties Union; by *Mr. A. L. Wirin* on behalf of the Japanese American Citizens League; and by *Mr. Jackson H. Ralston* on behalf of the Northern California Branch of the American Civil Liberties Union,—in support of Yasui; and by *Messrs. Robert W. Kenny*, Attorney General of California, *I. H. Van Winkle*, Attorney General of Oregon, and *Smith Troy*, Attorney General of the State of Washington, and *Fred E. Lewis*, Chief Assistant and Acting Attorney General of the State of Washington, on behalf of those States,—urging affirmance.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

This is a companion case to *Hirabayashi* v. *United States, ante,* p. 81.

The case comes here on certificate of the Court of Appeals for the Ninth Circuit, certifying to us questions of law upon which it desires instructions for the decision of the case. § 239 of the Judicial Code as amended, 28 U. S. C. § 346. Acting under that section we ordered the entire record to be certified to this Court so that we might proceed to a decision, as if the case had been brought here by appeal.

Appellant, an American-born person of Japanese ancestry, was convicted in the district court of an offense defined by the Act of March 21, 1942. 56 Stat. 173. The indictment charged him with violation, on March 28, 1942, of a curfew order made applicable to Portland, Oregon, by Public Proclamation No. 3, issued by Lt. General J. L. DeWitt on March 24, 1942. 7 Federal Register 2543. The validity of the curfew was considered in the *Hirabayashi* case, and this case presents the same issues as the conviction on Count 2 of the indictment in that case. From the evidence it appeared that appellant was born in Oregon in 1916 of alien parents; that when he was eight years old he spent a summer in Japan; that he attended the public schools in Oregon, and also, for about three years, a Japanese language school; that he later attended the University of Oregon, from which he received A. B. and LL. B. degrees; that he was a member of the bar of Oregon, and a second lieutenant in the Army of the United States, Infantry Reserve; that he had been employed by the Japanese Consulate in Chicago, but had resigned on December 8, 1941, and immediately offered his services to the military authorities; that he had discussed with an agent of the Federal Bureau of Investiga-

tion the advisability of testing the constitutionality of the curfew; and that when he violated the curfew order he requested that he be arrested so that he could test its constitutionality.

The district court ruled that the Act of March 21, 1942, was unconstitutional as applied to American citizens, but held that appellant, by reason of his course of conduct, must be deemed to have renounced his American citizenship. 48 F. Supp. 40. The Government does not undertake to support the conviction on that ground, since no such issue was tendered by the Government, although appellant testified at the trial that he had not renounced his citizenship. Since we hold, as in the *Hirabayashi* case, that the curfew order was valid as applied to citizens, it follows that appellant's citizenship was not relevant to the issue tendered by the Government and the conviction must be sustained for the reasons stated in the *Hirabayashi* case.

But as the sentence of one year's imprisonment—the maximum permitted by the statute—was imposed after the finding that appellant was not a citizen, and as the Government states that it has not and does not now controvert his citizenship, the case is an appropriate one for resentence in the light of these circumstances. See *Husty* v. *United States,* 282 U. S. 694, 703. The conviction will be sustained but the judgment will be vacated and the cause remanded to the district court for resentence of appellant, and to afford that court opportunity to strike its findings as to appellant's loss of United States citizenship.

*So ordered.*