## SHIGERU FUJII v. UNITED STATES.

### No. 2973.

Circuit Court of Appeals, Tenth Circuit.

March 12, 1945.

Writ of Certiorari Denied May 28, 1945.

See 65 S.Ct. 1406.

---

Samuel D. Menin, of Denver, Colo. (Clyde M. Watts, of Cheyenne, Wyo., on the brief), for appellant.

Carl L. Sackett, U. S. Atty., of Cheyenne, Wyo. (John C. Pickett, Asst. U. S. Atty., of Cheyenne, Wyo., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAII, Circuit Judges.

HUXMAN, Circuit Judge.

Shigeru Fujii, the appellant herein, was indicted, tried, and convicted under 50 U.S. C.A. Appendix § 311, for wilfully refusing and failing to report for induction into the armed forces of the United States pursuant to an order of his local draft board. He is one of 63 persons convicted under similar circumstances. By stipulation of counsel, it is agreed that the other cases shall be controlled by the decision in this case.

Appellant is an American citizen. He was born in the United States of Japanese ancestry. He registered with his local draft board in California. Thereafter, in 1942, he was removed to and confined in a relocation center at Heart Mountain Park, Wyoming. At first he was classified in IV-C. Prior to the order to report, he was reclassified into 1-A. He was still confined in the relocation center when he was ordered to report for induction.

Appellant was loyal to the United States at all times. There can be no question about this. The agent for the Federal Bureau of Investigation who investigated him after he failed to report testified that his attitude was that of being loyal to the United States; that he indicated no desire to live in Japan, and that he desired to fight for this country if he were restored to his rights as a citizen.

Appellant's entire appeal is predicated on the argument that his removal from his home and his confinement behind barbed wire in the relocation center without being charged with any crime deprived him of his liberty and property without due process of law, and that therefore he ought not to be required to render military service until his rights were restored.

Under the admitted facts as to his loyalty, he was restrained of his liberty by confinement in the relocation center.[1] He could have secured his complete release from restraint by writ of habeas corpus at any time and could thus have been restored to freedom. This would have given him the vindication which he seeks. It would have cleared his name for all time. But this he did not do. Instead, he chose to disobey a lawful order because he claimed his rights had been invaded. Two wrongs never make a right. One may not refuse to heed a lawful call of his government merely because in another way it may have injured him. Appellant was a citizen of the United States. He owed the same military service to his country that any other citizen did. Neither the fact that he was of Japanese ancestry nor the fact that his constitutional rights may have been invaded by sending him to a relocation center cancel this debt.

Furthermore, the courts are not open to him to challenge his right to exemption from military service under the admitted facts. It is now well settled that one must exhaust his administrative remedies and must obey the order to report before he may use the courts to challenge his classification. This was definitely settled by the Supreme Court in Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305. Appellant concedes this, but argues that the decision in the Falbo case is wrong. In effect, he asks us to overrule the Supreme Court. No reason, to say nothing of a cogent one, is given for this extraordinary request. Appellant also urges that this case is controlled by the decision in United States v. Kuwabara, D.C., 56 F.Supp. 716. We do not pass upon the soundness of that decision. It is sufficient to say that it is distinguishable upon the facts.

The Selective Service Act makes it a penal offense to refuse to report for induction. It was appellant's duty to report for induction and thereafter assert any claimed

[1] Ex parte Mitsuye Endo, 1944, 323 U. S. 283, 65 S.Ct. 208.

rights for exemption from military service by writ of habeas corpus. This he failed to do. Instead, he chose to ignore the order. As a result, he became subject to the penal provisions of the statute.

Under the stipulation of the parties, this decision is made applicable to the other sixty-two cases covered therein.

Affirmed.