## HIDEICHI TAKEGUMA et al. v. UNITED STATES.
### No. 11079.

Circuit Court of Appeals, Ninth Circuit.
June 29, 1946.

---

438

A. L. Wirin and J. B. Tietz, both of Los Angeles, Cal., for appellant.

Frank E. Flynn, U. S. Atty., of Phoenix, Ariz., for appellee.

Before GARRECHT, DENMAN, MATTHEWS, STEPHENS, HEALY, BONE, and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Hideichi Takeguma, Yasuto Fujioka and Kingo Tajii were indicted, tried before a United States District Judge (jury waived), convicted and sentenced for the violation of the Selective Training and Service Act of 1940, as amended, 54 Stat. 885, 50 U.S. C.A.Appendix, § 301 et seq., § 11 of the Act. By stipulation they were all three tried together, and the appeals were consolidated into one transcript of the record, and submitted to the court through consolidated briefs and oral arguments.

All three appellants were born in the United States, of Japanese descent, and were residing in the State of California when war began between the United States and Japan. All three appellants registered under the Selective Training and Service Act with their local boards and their registration files were thereafter transferred to Local Board No. 1, Yuma County, Arizona, after they had gone to the jurisdiction of said board by reason of being excluded from their California residences through a Civilian Exclusion Order issued by the military commander.[1]

All three appellants were classified as available for military service (1-A), were acceptable by the military authorities for military service, and were ordered to an induction center for induction. All were free to go but all refused to go to the induction center. The prosecution and judgment upon conviction as to each were based upon his refusal to obey the board's order. If this were all, there could be no question as to the validity of the judgments. There are, however, facts in addition to those

[1] For the history of and complete citation of authority under which the order of exclusion was issued, see Hirabayashi v. United States, 320 U.S. 81 at 85, 63 S. Ct. 1375, 87 L.Ed. 1774 et seq., and Ex Parte Endo, 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243. In the latter case the subject of relocation centers is dealt with in extenso.

above stated, but not all of the additional facts apply alike to the three appellants.

The facts are contained in a written stipulation, but the scope of the briefs and the oral argument of appellants is not confined to the stipulation.

The original pleas of not guilty were set aside by agreement of court and appellants, and motions to quash the indictments were filed, argued and submitted, and the court denied them. Appellants then again entered their pleas of not guilty, and the trial proceeded. Attached to the motions to quash were numerous affidavits setting up much factual matter, and appellants present their appeal as though all such factual matter was before the trial court and is now before this court. This is not the fact, however.

One fact which appears only inferentially in the written stipulation is that all three appellants at the time they were under board orders to proceed to the induction center were under confinement at a relocation center. The inference from the statement in the stipulation is to the effect that the appellants "were permitted to leave the said Relocation Center solely for the purpose of reporting at Phoenix, Arizona, as ordered * * *." No other mention of a relocation center is mentioned in the stipulation.

Appellee has set out the status of each appellant as follows:

*Hideichi Takeguma* (C-7085 Phoenix)

| | |
|---|---|
| June 30, 1943 | Registered |
| January 1, 1944 | Certificate of acceptability issued |
| November 24, 1944 | Classified 1-A |
| February 27, 1945 | Ordered to report for induction |

No request for expatriation and no order of exclusion and segregation issued.

*Yasuto Fujioka* (C-7109 Phoenix)

| | |
|---|---|
| July 10, 1943 | Registered |
| January 1, 1944 | Certificate of acceptability issued |
| February 24, 1944 | Classified 1-A |
| August 30, 1944 | Expatriation requested |
| January 19, 1945 | Order of exclusion and segregation issued |
| February 27, 1945 | Ordered to report for induction |

*Kingo Tajii* (C-7161 Phoenix)

| | |
|---|---|
| June 30, 1942 | Registered |
| August 16, 1943 | Expatriation requested |
| January 1, 1944 | Certificate of acceptability issued |
| October 30, 1944 | Ordered to report for induction |
| January 19, 1945 | Orders of exclusion and segregation issued |

As to Hideichi Takeguma, it will be seen that his case is little, if any more, than a straight case of refusal to report for induction. If his appeal has merit, the merit must rest solely upon the fact that he was excluded from the Western Defense Zone and confined in some manner in the Arizona Relocation Center.

As to Yasuto Fujioka, his case has the merit, if any, that Takeguma's case has, but in addition he requested expatriation. An exclusion order against him and an order of segregation (we assume from those not so ordered) was issued, all before the order of induction.

As to Kingo Tajii's case, it is exactly like Fujioka's, except that the order of exclusion and segregation was made subsequent to the order for induction.

Appellants base their prayer for the reversal of the judgments upon the contention that "* * * the orders of induction against the defendants [appellants] by their local draft boards were in excess of the jurisdiction of said local draft boards." The basis for the contention is argumentatively stated in appellants' opening brief as follows: "Although American citizens by birth, the defendants [appellants] because of claimed war emergency have been treated as alien enemies, interned as prisoners of war, solely because *we* have been at war with the government where *their* ancestors were born." (Emphasis theirs.)

Of course, the case cannot be made so simple. It was the considered judgment of the American military command that the large block of Japanese nationals and American born of Japanese ancestry, mostly the first generation removed, should be excluded from the Western Coastal area and the order of such exclusion has been declared valid. Hirabayashi v. United States, 1943, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; Yasui v. United States, 1943, 320 U.S. 115, 63 S.Ct. 1392, 87 L.Ed. 1793; Korematsu v. United States, 1944, 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194.

The Selective Training and Service Act provides that all male persons between the ages of eighteen and forty-five residing in the United States, with certain enumerated

exceptions, shall be liable for service and training in the land or naval forces of the United States (§ 3 of the Act). It is provided in this section that nationals of an alien country residing in this country shall not be inducted into the service unless they are acceptable to the land or naval forces. The appellants were not within the exceptions enumerated and were acceptable to the land or naval forces. They answered all of the requirements and were ordered into the military forces.

There is nothing whatever to any claim that the mere removal from the Pacific area (or confinement to any location), harsh as it was, should act to relieve anyone from the necessity of serving in the military forces.

This disposes of Hideichi Takeguma's case. See Shigeru Fujii v. United States, 10 Cir., 1945, 148 F.2d 298.

■ It remains to be considered whether or not the granted expatriation request by the other two appellants, together with the order of exclusion and segregation, are so inconsistent with the order to report for induction as to void the latter order.

By expatriation the appellants mean that they have acted under provisions of 8 U.S. C.A. § 801 "A person who is a national of the United States * * * shall lose his nationality by: * * * (i) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense * * *." See Code of Fed.Reg. of U.S.A., 1944 Supp., Title 8, Subchapter D, Part 316—Renunciation of United States Nationality. It appears that this procedure was completed on behalf of Yasuto Fujioka and Kingo Tajii.

If, as these two appellants claim, this completed act of expatriation, transformed them from United States citizens into subjects of Japan, hence alien enemies, appellants have not gained their goal for the reason that alien enemies who are acceptable to the military authorities (and these appellants were) still may serve in the land or naval forces of the United States. [2]

■ It remains to be determined whether or not the order for induction is null and void if the order of expatriation has been issued prior to the order of induction (Fujioka's case) and whether or not the order for induction is null and void if the order of expatriation has been issued subsequently to the order of induction (Tajii's case).

In our opinion there is only an appearance of inconsistency in the outstanding orders. In the expatriation order there is no more than a change in nationality. So far as the record shows no order of deportation has been issued in the case of either appellants. We have been furnished no authority, and we know of no principle of law, as a basis for holding that the one order, the violation of which the two appellants have been convicted, was and is void because another administrative order was outstanding at the time of trial. We find nothing supporting appellants' claim that the Selective Service local boards lost jurisdiction to classify appellants and issue orders to proceed to induction center for induction.

We have reserved treatment of the motions to quash to the concluding pages of this opinion in order to avoid repetition of fact and comment.

[2] "§ 303. Persons liable for training and service; * * *

"(a) Except as otherwise provided in this Act, every male citizen of the United States, and every other male person residing in the United States, who is between the ages of eighteen and forty-five at the time fixed for his registration, shall be liable for training and service in the land or naval forces of the United States. * * * Provided further, That no citizen or subject of any country who has been or who may hereafter be proclaimed by the President to be an alien enemy of the United States shall be inducted for training and service under this Act unless he is acceptable to the land or naval forces." 50 U.S.C.A.Appendix, § 303.

■ The motion to quash the indictment is directed to the sound discretion of the court. The motion made on behalf of Hideichi Takeguma is supported by his own affidavit, to the effect, "that he did not report for induction for the reason that he believed that he was not subject to an order of induction in that he had been deprived of his rights as an American citizen;". He then sets out that in being evacuated from his home he suffered great material loss. He believes that the only reason "he has not been put on a 'stop-list' and ordered excluded and segregated is that since the order to report for induction issued * * * authorities have not reached his case; * * *."

The motion made on behalf of Yasuto Fujioka is supported by his own affidavit with exhibits attached to the effect that he has applied for expatriation, that he was placed on the "stop-list" at Poston and therefore prohibited from leaving the center, was ordered segregated, that he is informed and believes that the only reason he has not been taken to Tule Lake was that the center was filled to capacity, and that he was arrested and detained under the instant charge. Exhibit A is a letter to his board sent by him from Poston appealing from his classification. Therein he complains of his treatment and hardships endured under the circumstances. He claims "dual citizenship" and requests classification 4-C instead of 1-A since he is going to Japan. Exhibit B is the Board's reply. The other exhibits consist of letters regarding his renouncing of United States citizenship and the orders of Exclusion issued to the affiant out of "Headquarters Western Defense Command Office of its Commanding General".

The motion made on behalf of Kingo Tajii is supported by his own affidavit with attached letters referring to expatriation to the effect that his evacuation from his home was against his will and consent, that he was removed to a place of detention known as Poston Relocation Center, that he has taken steps to be expatriated to Japan, that he was given a hearing at Poston under War Relocation Authority and was thereafter advised that he would not be permitted to leave camp, that he would be transported to Tule Lake Relocation Center unless that place was overcrowded by others from Poston seeking expatriation, that he believes that is the only reason he was not taken to Tule Lake where those to be sent to Japan were held, that he was placed on the "stop-list" at Poston and thereafter was prohibited from leaving the center, and that he has taken steps through the Attorney General of United States to renounce his American citizenship but has not heard of action thereon.

For the reasons stated in the opinion in reference to the appeal from the judgments we hold that the trial judge did not abuse his discretion in denying the motions to quash.

■ Since appellants registered under the Act with their local boards, which boards had jurisdiction to receive the registrations, it was the duty of each of them to obey the order to proceed to the induction center. Violation of § 11 of the Act was complete as to each registrant when he failed to do so. In these circumstances he cannot attack the validity of the order in his defense in a prosecution for so doing. Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917; Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305. In Estep v. United States, 66 S.Ct. 423, wherein the validity of the order was allowed to be questioned as a defense to a prosecution, the orders to proceed to the induction center had been obeyed and induction had been refused by the registrants. It is clear that our cases never reached this stage.

Appellants rely upon United States v. Masaaki Kuwabara, D.C., 56 F.Supp. 716. Appellee indicates in his brief that the facts of that case are distinguishably different from those obtaining in our cases. There is difference, but we do not analyze the facts in the cited case to distinguish them from those of the instant case. Wherein the reasoning of the Kuwabara opinion differs with that of this opinion, it may be taken that we are not in accord therewith.

The judgment is affirmed as to each of the appellants.

DENMAN, Circuit Judge (concurring).

I concur in the opinion and its reasoning.

In addition, I feel that these young men should be considered by the executive as the subject of its clemency. They were United States citizens and only attempted to give up their citizenship after a continued illegal imprisonment by the Federal Government in barbed wire enclosures, guarded by armed soldiers, under conditions of great oppression and humiliation. Ex parte Endo, 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243.

Had any one of us been so wrongfully imprisoned in our youth because our parents had emigrated to this country from, say, Germany, England, or Ireland, with which there might be a war, it cannot be said that our exasperation and shame would not have caused us to prefer the citizenship of our parents' homeland. It was because the United States first cruelly wronged us by an illegal if not criminal imprisonment that our renunciation came. Even if, in our justifiable resentment, we committed acts adverse to the continuance of the war against our fatherland, it is for the United States, the first and greater wrongdoer, to be merciful.

Because our skins are white and our origin is European, is no ground for a distinction between our youth and that of these appellants.