**TONEO SHIRAKURA et al. v. ROYALL,**
Secretary of Department of the Army.
No. 3290.

United States District Court
District of Columbia.
Dec. 15, 1948.

Dayton M. Harrington, Washington, D. C., for petitioner.

George Morris Fay, United States Attorney, John J. O'Leary, Assistant United States Attorney, Washington, D. C., for respondent.

JAMES ALGER FEE, District Judge.

This is an amended petition for a writ of habeas corpus, filed in this court on behalf of Toneo Shirakura and Osamu Watanabe in Washington, D. C., by Dayton M. Harrington, who had served as Chief Defense Counsel at the trial before a Military Commission in the Philippine Islands. The amended petition showed on its face that Shirakura and Watanabe are now detained in the Philippine Islands, an independent sovereignty, upon the order of General Douglas MacArthur, pursuant to the sentence of death imposed by a Military Commission. It is not shown who are the actual custodians of the petitioners at present. There was an attempt to deal with the situation as a matter of law. The court, however, believed the facts should be established by testimony. The rationale of this inclination was grave doubt as to the jurisdiction of the court and the fact that, procedurally, there is a question as to whether a petition for habeas corpus can be examined as to fact without a return. The court orally directed that the writ issue based upon these considerations. When it was apparent that respondent might consider the issuance of the writ a direction to produce the bodies of petitioners in court in Washington, D. C., this order was rescinded. It was error to have directed the issuance of this writ. If the petitioners had been produced because of the issuance of the writ, jurisdiction of this court might have attached, where otherwise there may be none.

Pursuant to direction of this court, a return was filed and a trial was had wherein a voluminous record was produced and some testimony taken. The court will not consider the merits. As to the jurisdictional question, the court sets out some pertinent facts from the record thus produced. Shirakura and Watanabe are, respectively, a Sergeant Major and a Ser-

geant of the Imperial Japanese Army, and are alien enemies captured in arms on foreign soil.

General MacArthur, as Supreme Commander of the Allied Powers in the theater, issued a directive on January 27, 1947, to the Commander in Chief of the Far East Command of the Army of the United States, a position which he also held, that Shirakura and Watanabe be tried by a Military Commission in Manila, Philippine Islands, in accordance with regulations of December 5, 1945, as amended. Apparently the authority claimed was paragraph 5(a) of the Far Eastern Commission Policy Decision of April 3, 1946, and the Commission's directive of April 23, 1946. The details of appointment and establishment of the particular court followed orders of the United States Army, based on the Fifteenth Article of War, 10 U.S.C.A. § 1486, and the tribunal was composed entirely of officers of the United States Army.

Petitioners were charged with the murder of civilian Filipinos and arraigned in due course on March 25, 1947. Trial commenced the same day, with all the requisite formalities of military tribunals, in Court No. 3. Pursuant to consideration of that tribunal, sentence of death by hanging was announced for each of petitioners on April 11, 1947. On August 25, 1947, execution was delayed pending action of Supreme Commander for Allied Powers. The sentence was approved and would have been carried out had not General MacArthur voluntarily recognized, as a ground for further stay, the filing of the petition in this court.

It is to be noted that neither the petitioners nor the actual custodians of petitioners are within the boundaries of the United States or the territories. On the other hand, the fiction that there is a Supreme Commander for Allied Powers need not delay us in dealing with the constitutional authority over officers of the Army of the United States, who alone are here involved. Nor need we hesitate over the contention that a court constituted entirely of United States Army officers convened pursuant to orders of the Army of the United States under the Fifteenth Article of War was an allied tribunal. But the district courts of the United States are of limited jurisdiction. Such jurisdiction has always had a territorial basis. We do not here consider the constitutional power of Congress to abolish such territorial limitations in civil cases. Congress has never granted the power to this court or any district court to hear and determine a petition for habeas corpus where the body of petitioner was outside the territory over which the court was expressly given jurisdiction. This court has neither jurisdiction of the cause nor of petitioners. The rule may be different in the courts of general jurisdiction of the several states which exercise plenary judicial power as courts of record within the territorial limits. Even there a question loomed. The name of the writ indicated that this court had authority over the body of the petitioner and could require the body to be produced before the judge.

This controversy is highlighted by the English opinions set out in Rex v. Crewe, 102 Law Times Reports 760, which has been cited here as authority. In that country, Parliament is supreme, and there are no limitations of a written constitution. Likewise, the jurisdiction of the King's Bench and the Supreme Court of Judicature is to a certain extent inherent and is not strictly based upon delegated powers as we understand them. The various opinions reported under this title show the power of the executive over agents in foreign dominions, even under protectorate of the British Crown. It seems clear that Parliament had not extended the power of any court to issue habeas corpus on foreign soil. The emphasis upon the necessity that the petitioner be of British nationality is also stressed in such circumstances. Although the opinions would not be binding here and not even analogous in view of the differences of political and legal doctrine, they illustrate the inherent limitations.

In criminal causes this jurisdiction of the district courts is delimited territorially by the Federal Constitution, Article III.[1] Although, of course, Congress can confer broader powers on district courts of extraterritorial nature, implications which impinge upon the general territorial structure of jurisdiction will not readily be given weight. This position was outlined with utmost clarity in Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L. Ed. 1898, in relation to this very court.

If this proceeding were held valid, then this court could try actions affecting each of the departments of Federal Government because of the presence of the President and cabinet officers in the District of Columbia. This court could try all matters relating to federal offenders because these are all technically in custody of the Attorney General. This court could try the justice of imprisonment of all offenders against Articles of War or Army Regulations, at home or abroad or on the field of battle, because of the presence of the Secretary of the Army. This court could try writs of all prisoners of war immediately upon capture arma ferentes. Besides, the President, as Commander in Chief of the Army, has complete and paramount authority over enemy aliens captured by arms on foreign soil. The writ of habeas corpus does not run against the Commander in Chief in such a situation. As a corollary, the writ does not run against the Secretary for the Army. The responsibility for the governance of the army and prisoners of war in foreign lands lies on the executive. With the sentence of the military tribunal of the conqueror, whether in the Philippine Islands, at Nuremberg, or at Tokyo, a District Court of the United States has neither the power to interfere nor the responsibility. Correction of errors must lie with the political branches of government or with what courts may have power to act.

The amended petition is dismissed.

1. United States v. Bink, D.C., 74 F.Supp. 603.