**TONEO SHIRAKURA et al. v. ROYALL, Secretary of Department of the Army.**

No. 3290.

United States District Court
District of Columbia.
June 10, 1949.

714

Dayton M. Harrington, Washington, D. C., for petitioner.

George Morris Fay, United States Attorney, John J. O'Leary, Assistant United States Attorney, Washington, D. C., for respondent.

JAMES ALGER FEE, District Judge.

A motion for reconsideration was filed in this case before the entry of judgment of dismissal. However, it was not called to the attention of the Court until after the judgment had been filed. It is therefore treated as if a setting aside of the judgment were demanded.

This Court, following Ahrens v. Clark,[1] held no jurisdiction existed over either Shirakura or Watanabe, prisoners of war in a foreign independent sovereignty, where neither they nor their jailer nor custodian were present within the territorial limits set by Congress for this Court. The petition was not filed by either prisoner but by Dayton Harrington, a lawyer of the District of Columbia. Although a showing was made on behalf of Royall, then Secretary of the Army, who has since resigned, no jurisdiction was acquired personally or officially over him, as the final order recited.

Just before the filing of the order of dismissal, attention was called to the opinion in Eisentrager v. Forrestal,[2] where the Court of Appeals of this circuit held this Court had power to examine into the custody of certain persons in somewhat similar situations. This Court nevertheless entered the order of dismissal upon the ground that the Court of Appeals did not follow the rationale of the Clark case, which is binding upon us.

Furthermore, the issuance of the writ here would require the overruling of McGowan v. Moody, 22 App.D.C. 148, a previous opinion of this Court of Appeals, which covers almost the exact ground of the instant case. So also, the decision of the Supreme Court of the United States in Hirota v. MacArthur,[3] has indicated the judiciary should not scramble for power already allocated to another department of government no less competent.

The power to grant the writ is given to federal courts only by implication in the United States Constitution.[4] Therefore, according to Chief Justice Marshall, "the power to award the writ by any of the courts of the United States, must be given by written law."[5]

The attitude of perpetual adoration of the writ of habeas corpus will not confer jurisdiction.

The assumed necessity will not confer jurisdiction.[6]

The jurisdiction of a federal district court or judge is exactly that con-

1. 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898.

2. 84 U.S.App.D.C. 396, 174 F.2d 961.

3. 335 U.S. 876, 69 S.Ct. 157, 93 L.Ed 418; 338 U.S. 197, 69 S.Ct. 197, 1238, 93 L. Ed. 1902.

4. Article I, Sec. 9.

5. Ex parte Bollman, 4 Cranch. 75, 2 L.Ed. 554.

6. The lawyers of the District of Columbia did not file and the Courts thereof did not entertain such petitions during hostilities, notwithstanding the necessity was much greater than now, Cf. United States v. Minoru Yasui, D.C., 48 F.Supp. 40, vacated 320 U.S. 115, 63 S.Ct. 1392, 87 L.Ed. 1793, while we are only technically at war. An extension of this jurisdiction now based on necessity, Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774, can only be compensated by distortion of fundamentals during hostilities, Cf. Ex parte Endo, 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243, based upon necessity.

ferred by Congress, no more, no less.[7] Congress has given the judges of this Court power to issue the writ of habeas corpus under definite limitations [8] and only "within their respective jurisdictions".[9] The territorial boundaries of the District of Columbia are the terminals of the jurisdiction of this Court and judges sitting therein.[10]

But Shirakura and Watanabe, according to the petition so vicariously filed, were confined under sentence of death in the Philippine Islands. Royall was neither their jailer nor custodian. The Secretary of the Army may transmit orders to the custodian of these prisoners. He is neither a constitutional officer nor even technically in the chain of command, as the Moody opinion, supra, shows. The Commander in Chief of the Army and Navy [11] is by terms of the fundamental document the paramount authority and constitutional superior of the jailer.

It is assumed there is no desire in some future emergency to reenact either the conflict between the Courts and the President in his military capacity, which marked this period of the War between the States,[12] nor the confusion of the French Revolutionary Wars, where "the frequent intervention of the civil authorities in matters affecting it, the denunciation of the generals * * *" rendered impossible the maintenance of strict discipline.[13]

The nation is still, according to the statutes, at war. These enemy aliens, taken in arms in the theatre of operations on foreign soil within the confines of an independent allied sovereignty, convicted of crimes against the law of nations governing belligerents by a tribunal set up by military convention of the President under his constitutional authority as Commander in Chief, can neither be freed by a single District Judge sitting in the District of Columbia, nor can the course of detention be examined thereby. It has heretofore been uncontroverted that the power of the executive in such a situation is supreme. " * * * a District Court of the United States has neither the power to interfere nor the responsibility. Correction of errors must lie with the political branches of government or with what courts may have power to act." [14]

The findings and judgment are entered, and the motion for reconsideration thereof is denied.

7. Article III, Sec. 1. Constitution of the United States. Congress can not only refuse to extend jurisdiction to an inferior federal court but may abstract jurisdiction granted or assumed. Lauf v. E. G. Shinner & Co., 303 U.S. 323, 58 S.Ct. 578, 82 L.Ed. 872; Kline v. Burke Construction Company, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

8. See 28 U.S.C.A. § 2241, the present statute, which was adopted following the decision of Ahrens v. Clark, supra.

9. This limitation has been carried through the various acts relating to habeas corpus since the original Act of 1789, 28 U.S.C.A., §§ 451, 452, 453.

10. Cf. Moore v. Mitchell, 281 U.S. 18, 50 S. Ct. 175, 74 L.Ed. 673. The Ahrens v. Clark case, supra, develops this idea, which is well founded in constitutional history.

11. Article II, Sec. 2, Constitution of the United States.

12. See Ex parte Merryman, 17 Fed.Cas. page 144, No. 9, 487, Taney 246.

13. Charles Francis Atkinson, formerly Schollar of Queens College, Oxford. Monograph French Revolutionary Wars Military Operations. Encyclopedia Britannica, Eleventh Edition.

14. Original opinion in this case, D.C., 89 F.Supp. 711.