RAFAEL IBARRA FELICCI, Petitioner and Appellant, *v.* BALBINO GONZÁLEZ, WARDEN OF THE DISTRICT JAIL, SAN JUAN, Defendant and Appellee.

No. 10171. Argued April 13, 1950.—Decided April 26, 1950.

---

[1] The jury had been impanelled and the witnesses sworn.

*Santos P. Amadeo* for appellant.   *Vicente Géigel Polanco, Attorney General, (José C. Aponte, Acting Attorney General,* on the brief and at the hearing in this Court) for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Rafael Ibarra Felicci was charged in the Municipal Court of Río Piedras with the illegal practice of medicine.   He was charged in the complaint to be a second offender as he had been sentenced for that same offense on December 7, 1929, by the District Court of Humacao.   After he was convicted by the municipal court, he appealed to the District Court of Bayamón, which after a trial *de novo* found him guilty of the offense charged, as a subsequent offense, and sentenced him to serve thirty days in jail.   On appeal, we held that inasmuch as the previous conviction of the petitioner for illegally practicing medicine had been different according to law, he could not be convicted as a second offender under the *proviso* of § 9 of Act 22 of April 22, 1931 (pp. 204, 210).   In affirming the judgment of conviction we expressed ourselves thus:

"Now, since the sentence of thirty days in jail imposed on appellant, as a second offender, is within the maximum that could

be imposed by the lower court for a first violation of the Act of 1931, we believe that the judgment appealed from should be modified in the sense of imposing on the defendant thirty days in jail with costs for a violation of § 9 of Act No. 22 of 1931 and, as modified, it is affirmed." *People* v. *Ibarra,* 69 P.R.R. 523, 533.

After the mandate was sent to the lower court and when the petitioner was already under the custody of the Warden of District Jail of San Juan, Ibarra filed in the District Court of San Juan a petition for habeas corpus, the object of the above-entitled proceeding. He alleged therein that in 1929 he was found guilty of illegally practicing medicine in Puerto Rico in violation of Act No. 73 of July 30, 1923 (p. 548) ; that in 1941, he was acquitted of that same offense by the Municipal Court of Ciales; that in 1946 he was charged with that same offense as a second offender in the Municipal Court of Río Piedras and convicted by the latter and by the District Court of Bayamón; and that on appeal, this Supreme Court in spite of holding that he could not be convicted as a second offender, left standing the sentence of one month in jail imposed by the District Court of Bayamón. He further contends that he has been illegally deprived of his liberty since our judgment was rendered in violation of due process of law (*a*) because although it is true that the District Court of Bayamón could impose on him the penalty of one month in jail for a first violation of Act No. 22 of 1931, it is also true that that Court could have imposed on him, in the exercise of its discretion, a fine instead of jail, but that it failed to do so because it considered that the penalty of jail was mandatory since the petitioner was charged with a second offense and not with a first offense; (*b*) because the petitioner had the constitutional right of being sentenced by the district court, in the exercise of its discretion to a penalty other than jail; and (*c*) because in depriving him of such right, he was deprived of due process of law, since the exercise of judicial discretion is the essence of due process of law.

The writ of habeas corpus having been issued, the parties were heard, and the District Court of San Juan discharged the writ, ordering the immediate commitment of the petitioner. An appeal was taken from the judgment, and said court authorized the petitioner to post bail bond for $500.

██ On appeal he now contends that "the District Court of San Juan erred in discharging the writ of habeas corpus of the petitioner." Although the terms in which the foregoing assignment is couched are too general and we could dismiss the appeal on this ground (*Díaz* v. *García*, 47 P.R.R. 448, 452), we shall not do so, inasmuch as the petitioner in arguing said error stated the grounds on which he rested his assignment. They are substantially the same as those on which the petition is based.

██ Assuming for the purposes of this opinion that, as alleged by the petitioner, the exercise of judicial discretion in sentencing the defendant for the commission of an offense is indeed part of due process of law, we do not see how the appellant herein can allege that he was deprived of such due process of law.

By express provision of § 364 of the Code of Criminal Procedure (1935 ed.) "*The Supreme Court may* reverse, affirm, or *modify the judgment or order appealed from*, and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial." (Italics ours.) Pursuant to the provisions of that Section, this Court in innumerable cases has modified the judgment of conviction rendered by a lower court. *People* v. *Arce*, 67 P.R.R. 233; *People* v. *Otero*, 61 P.R.R. 33; *People* v. *Sánchez*, 55 P.R.R. 908; *People* v. *Cruz*, 53 P.R.R. 505, 508; *People* v. *Rodríguez*, 46 P.R.R. 525, 530; *People* v. *Alvarez*, 21 P.R.R. 80. Therefore, in rendering judgment in the manner already stated we did nothing more than comply with the provisions of that Section and modify the sentence imposed by the lower court.

It is true that the *provided* clause of § 9 of Act No. 22 of 1931 expressly establishes "that recidivism shall entail a minimum penalty of thirty days in jail," and that it was undoubtedly in view of those provisions that the District Court of Bayamón imposed on the petitioner a penalty of thirty days in jail. However, the aforesaid § 9 of Act No. 22 of 1931 provides also that "Every person charged with, and convicted of, illegally practicing medicine or surgery,...shall be guilty of a misdemeanor for each violation of said provisions, and shall be punished by a fine of not less than twenty-five (25) dollars *or by imprisonment in jail*, or by both penalties, in the discretion of the court." Although this Section expressly fixes the minimum *fine* which may be imposed for a first violation of the Act and in the alternative allows the trial court to impose a penalty of jail, or both penalties, it does not provide, however, in an express manner, the minimum or maximum penalty of jail which a trial court may impose for a first violation of the Act. However, § 16 of the Penal Code provides that "Except in cases where a different punishment is prescribed by this Code every offense declared to be a 'misdemeanor' is punishable by imprisonment in jail not exceeding two years, . . ." Therefore, upon construing the portion of § 9 of the Act of 1931 copied together with § 16 of the Penal Code, the defendant could be sentenced to thirty days in jail. In sentencing him to serve a penalty of less than two years this Court exercised its judicial discretion in favor of the defendant. In fact, we do not see how in modifying the sentence of the District Court of Bayamón in the manner we did and in sentencing the defendant to a penalty which is much less than the maximum penalty of jail prescribed by the statute, the petitioner can reasonably allege that he has been deprived of due process of law.

We have carefully read *Townsend* v. *Burke*, 334 U.S. 736; *Yasui* v. *United States*, 320 U. S. 115, and *Husty* v. *United States*, 282 U. S. 694, cited by the appellant in support of his

appeal, and in our judgment they are not in point. Nor is *Gryger* v. *Burke*, 334 U.S. 728, besides the fact that the petitioner relies on the views of the dissenting justices and it is well-known that no matter how persuasive a dissenting opinion may be, it represents the views of only the minority and not of the Court.

Section 364 of the Code of Criminal Procedure of Puerto Rico is, insofar as pertinent, identical with § 1260 of the Code of Criminal Procedure of California. Construing the latter the Supreme Court of that State in *People* v. *Hamberg*, 84 Cal. 468, 24 Pac. 298, held in a case of false representation that the sentence of the lower court was void insofar as the defendant was sentenced to one year in jail and to pay a fine of $19,000, and in default thereof to be imprisoned in the county jail until the same was satisfied, at the rate of one day for each dollar left unpaid; that said Court had no right to impose that part of the sentence and to that extent the judgment must be modified. It did so and ordered that the defendant be released from custody on the expiration of the one year term of imprisonment in jail. See also *People* v. *Kerr*, 114 Pac. 584; 8 Cal. Jur. 636, § 610; and 3 Am. Jur. 664, § 1152.

The judgment appealed from will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.