## I
**Duane Earl POPE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 18272.

United States Court of Appeals
Eighth Circuit.

July 23, 1968.

* Of the Ninth Circuit, sitting by designation.

Robert B. Crosby and Wallace M. Rudolph, Lincoln, Neb., for appellant.

Theodore L. Richling, U. S. Atty., Omaha, Neb., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and VOGEL and BLACKMUN, Circuit Judges.

PER CURIAM.

On June 17, 1968, the Supreme Court, with two dissents, issued its per curiam opinion-order in this case. The majority opinion, in its entirety, reads:

"The petitioner was convicted by a jury and sentenced to death under the Federal Bank Robbery Act, 18 U.S.C. § 2113(e). The Solicitor General has filed a memorandum for the United States conceding that this death penalty provision 'suffers from the same constitutional infirmity' as that found in the Federal Kidnapping Act, 18 U.S.C. § 1201(a). United States v. Jackson, 390 U.S. 570 [88 S.Ct. 1209, 20 L.Ed.2d 138]. Accordingly, the Solicitor General concedes that the petitioner's 'sentence must be vacated and the cause remanded * * * for resentencing.' * In light of this concession and upon an independent examination of the record, but without reaching any of the petitioner's other claims, the motion for leave to proceed in forma pauperis and the petition for certiorari are granted, the judgment is vacated, and the case is remanded to the United States Court of Appeals for the Eighth Circuit for further proceedings consistent with this opinion." 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317.

We have now received a certified copy of the Supreme Court's judgment issued as prescribed by the Supreme Court's Rule 59, subd. 3. That judgment provides "that the judgment of the said United States Court of Appeals in this cause be, and the same is hereby, vacated; and that this cause be, and the

* The words omitted in this quotation from the Solicitor General's memorandum are "to the district court".

same is hereby, remanded to the United States Court of Appeals for the Eighth Circuit for further proceedings in conformity with the opinion of this Court".

The case is thus back in our hands.

Our prior opinion, Pope v. United States, 372 F.2d 710, 712 (8 Cir. 1967), recited that Pope was convicted by a jury on all six counts of the indictment which charged him with violations of the bank robbery statute, 18 U.S.C. § 2113(a), (b), (d), and (e). The judgment of the trial court from which the appeal to this court was taken related, of course, to all six counts. Judge Van Pelt imposed concurrent sentences of 20, 10 and 25 years, respectively, on the first three counts (those charging violations of § 2113(a), (b) and (d)), these sentences being the maximum imprisonment prescribed, and, in accord with the jury's direction, sentences of death on the last three counts (those charging violations of § 2113(e) with respect to each of Pope's three homicide victims).

It is not clear to us, from the Supreme Court's opinion-order, whether resentencing it to be effected as to all six counts or only as to the three counts on which death sentences were imposed. The Solicitor General's memorandum, to which the Court made reference, related its confession of error, as we read that memorandum, only to the death penalties. We note with interest, too, that the case has been remanded to us rather than direct to the district court which has the sentencing function. Compare, for example, Husty v. United States, 282 U.S. 694, 703–704, 51 S.Ct. 240, 75 L.Ed. 629 (1931); Yasui v. United States, 320 U.S. 115, 117, 63 S.Ct. 1392, 87 L.Ed. 1793 (1943); Prince v. United States, 352 U.S. 322, 329, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). See United States v. Shotwell Mfg. Co., 355 U.S. 233, 246, 78 S.Ct. 245, 2 L.Ed.2d 234 (1957), and Campbell v. United States, 365 U.S. 85, 99, 81 S. Ct. 421, 5 L.Ed.2d 428 (1961).

Noting that the Supreme Court took its action and vacated our judgment "without reaching any of the petitioner's other claims", and in the exercise of caution in order to prevent any possible loss of rights through misunderstanding or inadvertence, we now in turn vacate the sentences imposed by the trial court on all six counts of the indictment and remand the case to the United States District Court for the District of Nebraska for further proceedings consistent with the opinion of the Supreme Court of the United States and with this opinion.

Our mandate is to issue forthwith.