### UNITED STATES v. MINORU YASUI.
No. C–16056.

District Court, D. Oregon.
July 14, 1943.

See, also, 48 F.Supp. 40.

Carl C. Donaugh, U.S. Atty., and J. Mason Dillard, Asst. U.S. Atty., both of Portland, Or., for plaintiff.

Collier, Collier & Bernard and Earl Bernard, all of Portland, Or., for defendant.

JAMES ALGER FEE, District Judge.

■ Defendant was found guilty by this court of a violation of a curfew regulation promulgated by Lieutenant General John L. DeWitt, pursuant to statute and executive order. The court held that this regulation was unconstitutional as applied to citizens, but in the opinion stated it was valid as against defendant, because at his majority he repudiated citizenship in the United States and elected to be a subject of the Emperor of Japan. The actual finding of the court was that defendant was guilty of the charge laid in the indictment. The government did not seek to uphold the indictment upon the ground indicated by this court, but upon the broad ground that the regulation was valid and binding as to all persons therein designated. The Supreme Court of the United States has affirmed the judgment upon the grounds so specified.[1] If, then, there were a finding that defendant is not an American citizen, it became by that decision immaterial and irrelevant. The weight of the superstructure no longer rested thereon. In order that defendant may not be prejudiced by the fact that such a finding, although here immaterial, might be used against defendant in other litigation, notwithstanding the fact that the appellate courts have not passed upon the issue, the court now strikes from the judgment any finding that may exist therein to the effect that defendant is not a citizen of the United States. The effect of this is to leave the judgment in the same situation as that in the case of Hirabayashi v. United States, 63 S.Ct. 1375, 87 L.Ed. —.

■ The judgment having been so amended and cauterized of impurity, sentence will now be re-imposed upon the defendant. A sentence must always be passed for a violation with due consideration of the character of the defendant and in the light of the surrounding circumstances and the dangers incident to society at the time.

When this sentence was pronounced, the army command, according to the regulations, feared raids or invasions by the Japanese. The thesis that a disloyal member of that race might do irreparable damage if allowed to be free to roam at will between the hours designated in the proclamation was accepted by this court at full face value. If such circumstances still existed, the court would re-impose the same sentence. But it is now an accepted fact that all Japanese have been removed from the strategic areas of the Pacific Coast. If defendant remain here, he will be kept under close surveillance.

■■ It is well known, also, that in areas well back from this coast the Japanese who are well disposed are permitted to be at large, while the disaffected members of the race are under guard. Indicia of invasion have disappeared. Under all the circumstances now existent, the offense appears minor in character.

Sentence appropriate to these changed circumstances will be imposed.

---

[1] Minoru Yasui v. United States of America, 63 S.Ct. 1392, 87 L.Ed. —.