Victor Tabarez **NAVARRO**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 26654.

United States Court of Appeals, Ninth Circuit.

Sept. 27, 1971.

Victor Tabarez Navarro, in pro. per.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Richard H. Kirschner, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before DUNIWAY and CHOY, Circuit Judges, and TAYLOR, District Judge.*

DUNIWAY, Circuit Judge:

Navarro appeals from the denial of his petition for a writ of error *coram nobis.*

The District Court had jurisdiction under 28 U.S.C. § 1651; we have jurisdiction under 28 U.S.C. § 1291.

In 1955, Navarro pled guilty to a charge of violation of 26 U.S.C. § 4744(a), in that he was a transferee of marihuana who had not paid the tax required by 26 U.S.C. § 4741(a). In Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, and United States v. Covington, 1969, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94, the Court held that invocation of the privilege against self-incrimination would provide a complete defense to the foregoing charge. In United States v. Ingman, 9 Cir., 1970, 426 F.2d 973, we held that *Leary* is retroactive. We followed United States v. Meadows, 9 Cir., 1969, 420 F.2d 795, where we also held that a guilty plea entered at a time when the defendant could not know of the defense, was not a waiver of it. (426 F.2d p. 797) (*Meadows* involved 26 U.S.C. §§ 5851 and 5841, but the principle is the same.) The government relies on United States v. Weber, 9 Cir., 1970, 429 F.2d 148, in which doubt was expressed as to the authority of *Ingman* and *Meadows*. *Weber,* however, is no longer good law, having been vacated and remanded to us by the Supreme Court. (402 U.S. 939, 91 S.Ct. 1633, 29 L.Ed.2d 107.) We then remanded to the District Court with directions to vacate Weber's plea. See Cochran v. United States, 9 Cir., 1971, 447 F.2d 990, and United States v. Jones, 9 Cir., 1971, 447 F.2d 991.

Nor can the government take refuge in Brady v. United States, 1970, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 and McMann v. Richardson, 1970, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, for two reasons. First, there is here no evidence of a plea bargain; there is simply a one-count indictment to which Navarro pled guilty. Second, we relied on those cases in *Weber,* and our decision was nevertheless vacated by the Supreme Court.

The government argues that because Navarro has long since served his sentence, and because Navarro has made no showing that he is now being prejudiced by his 1955 conviction, the writ need not issue. We do not decide whether such a showing of present prejudice is needed. Compare Sibron v. New York, 1968, 392 U.S. 40, 50–58, 88 S.Ct. 1889, 20 L.Ed.2d 917. Navarro has moved to augment the record by including in it a judgment of conviction entered against him in the then Southern District of California, Central Division on August 28, 1967, case No. 36742-Criminal. That judgment shows that Navarro pled guilty to a charge of violating 21 U.S.C. § 174, and admitted the prior 1955 conviction. He was sentenced to 10 years, the minimum under § 174 for a second or subsequent offense. While the record does not show that this judgment was before the trial judge, his opinion and order denying Navarro's present petition shows that he was aware of Navarro's subsequent conviction under 21 U.S.C. § 174.

The motion to augment the record is granted. The order appealed from is reversed, with directions to vacate the judgment in case No. 24348-Criminal, Southern District of California, Central Division, now the Central District of California.

* Honorable Fred M. Taylor, United States District Judge, District of Idaho, sitting by designation.