UNITED STATES of America, Plaintiff,

v.

Gary WICKHAM, Defendant.

No. CR 7962–RJK.

United States District Court,
C. D. California.

May 30, 1979.

---

Andrea Sheridan Ordin, U. S. Atty., Anstruther Davidson, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Gary Wickham, in pro se.

## MEMORANDUM OF DECISION AND ORDER

KELLEHER, District Judge.

On August 24, 1971, petitioner Gary Wickham was convicted of one count of bank robbery after a court trial brought pursuant to 18 U.S.C. § 2113(a). He was sentenced to the custody of the Attorney

General for a period of two years. Petitioner has served his sentence, but is currently in federal custody on another, unrelated, federal charge.

Apparently, because petitioner fears that the 1971 conviction is (or will be) considered by the United States Parole Commission as part of its parole determination, petitioner seeks relief from the 1971 judgment of conviction in the form of a writ of *coram nobis.* Specifically, petitioner contends that his conviction under 18 U.S.C. § 2113(a) was improper, in light of *United States v. Culbert,* 548 F.2d 1355 (9th Cir. 1977), *rev'd,* 435 U.S. 371, 98 S.Ct. 1112, 55 L.Ed.2d 349 (1978). Accordingly, he asks this Court to vacate the judgment of conviction and enter a judgment of "not guilty" on the 1971 charge.

The facts are simply stated. Defendant obtained money from a victim bank by means of a telephone extortion threat directed to the bank's manager. The manager, responding to the threat, took money from the bank's vault and left it in a telephone booth, where defendant picked it up. Thus, petitioner never entered the bank to take the money.

The Ninth Circuit has held that a *trespassory* taking is required for a conviction under 18 U.S.C. § 2113(a). *See United States v. Culbert,* 548 F.2d 1355, 1356–7 (9th Cir. 1977), *rev'd, on other grounds,* 435 U.S. 371, 98 S.Ct. 1112, 55 L.Ed.2d 349 (1978) (application of the Hobbs Act, 18 U.S.C. § 1951). That decision—presenting facts identical in all material respects to those presented here by petitioner—was reversed by the Supreme Court of the United States. The Court held that conduct of the type undertaken by petitioner *was* legitimately within the reach of 18 U.S.C. § 1951. In addition, the Court noted that the United States Attorney had conceded before the Ninth Circuit that § 2113(a) would *not* support a conviction on these facts, but the Court stated that it "express[ed] no view on the validity of the United States Attorney's interpretation of 18 U.S.C. § 2113(a)." 435 U.S. 371, 372 n. 1, 98 S.Ct. 1112, 1113 n. 1, 55 L.Ed.2d 349 (1978).

In the instant case, petitioner—unlike the defendant in *Culbert*—was charged only with a violation of 18 U.S.C. § 2113(a). Although the procedural niceties of the *Culbert* decision leave some question in the Court's mind as to the actual precedential value of that decision, the Court feels compelled to acknowledge that the nascent law of this Circuit is that § 2113(a) would not support a conviction, today, on the facts adduced at petitioner's trial.

> While there may be an exception to the binding effect which a ruling of the Court of Appeals has upon the district courts of this Circuit in rare and exceptionally compelling circumstances, the better judicial practice for district courts would be to let that court, which announced the decision . . . decide whether or not that case is currently good law, rather than have a district court undertake to do so.

*Old Colony Trust Co. v. United States,* 300 F.Supp. 1032, 1035 (D.Mass.1969), *aff'd,* 423 F.2d 601 (1st Cir. 1970). Thus, a trespassory taking should be shown to obtain a conviction under § 2113(a). A trespassory taking was not shown here.

To state that 18 U.S.C. § 2113(a) would not support petitioner's conviction were he tried under that statute alone is, however, merely the beginning. Petitioner maintains that his petition should be viewed as one in *coram nobis.* The United States argues, in response, that the writ of *coram nobis* "has been abolished," citing Fed.R. Civ.P. 60(b). The government misses the mark. Although the Federal Rules of Civil Procedure abolished writs of *coram nobis* in *civil* cases, the All-Writs Act—28 U.S.C. § 1651(a)—makes the writ of *coram nobis* available in criminal proceedings. *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); 18 Am.Jur.2d *Coram Nobis* § 6. And it is unquestionably the law that a motion for a writ of *coram nobis* "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." *United States v. Morgan, supra,* at 505 n. 4, 74 S.Ct. at

249. The Court concludes that it has jurisdiction to entertain petitioner's application for a writ of *coram nobis* pursuant to 28 U.S.C. § 1651(a). The Court further concludes that the action is otherwise justiciable, as petitioner is in custody on an unrelated charge, and the § 2113(a) conviction could be considered by the Parole Commission in determining the appropriate time of incarceration. *See United States v. Morgan, supra,* at 512–3, 74 S.Ct. 247; *Byrnes v. United States,* 408 F.2d 599, 601 (9th Cir.), *cert. denied,* 395 U.S. 986, 89 S.Ct. 2142, 23 L.Ed.2d 775 (1969). Thus, the Court turns to the merits of petitioner's application.

■■ A writ of *coram nobis* is available to bring before the Court that rendered judgment *matters of fact* which had not been put in issue or passed upon, and which were material to the validity and regularity of the legal proceedings themselves. *See United States v. Mayer,* 235 U.S. 55, 68, 35 S.Ct. 16, 59 L.Ed. 129 (1914); 7 J. Moore *Federal Practice* ¶ 60.14. As such, "the basis of coram nobis is narrow, and oftentimes a case that is beyond its scope is as meritorious as one within its purview." 7 J. Moore, *supra,* at ¶ 60.14. Professor Moore's formulation perhaps understates the scope of *coram nobis,* for the Ninth Circuit and other courts have held that *coram nobis* is the appropriate vehicle for vacation of a conviction under a statute that conflicts with the United States Constitution. *Navarro v. United States,* 449 F.2d 113, 114 (9th Cir. 1971) (Fifth Amendment provided complete defense to statute under which defendant was charged and pleaded guilty); *Byrnes v. United States, supra,* at 602 (Constitutional controversy required for *coram nobis* relief); *United States v. Summa,* 362 F.Supp. 1177 (D.Conn.1972); *Lewis v. United States,* 314 F.Supp. 851 (D.Alaska 1970). There is also language in the case law indicating that an error need not be constitutional in dimension, so long as it is *fundamental* and affects the proceedings in such a way that serious injustice would arise absent *coram nobis* relief. *Matysek v. United States,* 339 F.2d 389, 395 (9th Cir. 1964); *United States v. McCord,* 166 U.S.

App.D.C. 1, 9–10, 509 F.2d 334, 343–4 (1974); *United States v. Cariola,* 323 F.2d 180, 184 (2d Cir. 1963). The Court concludes that the present-day scope of *coram nobis* is broad enough to encompass not only errors of fact that affect the validity or regularity of legal proceedings, but in addition, legal errors of a constitutional or fundamental proportion.

The case thus boils down to whether the legal error cited by petitioner is sufficiently fundamental to allow the Court to correct it via *coram nobis.* The Ninth Circuit's 1977 ruling did not arise from any constitutionally-based analysis, but rather, rested upon its interpretation and construction of 18 U.S.C. § 2113(a). *See United States v. Culbert, supra.* The proper construction of 18 U.S.C. § 2113(a) was a matter of some debate at the time petitioner was convicted. *Compare United States v. Marx,* 485 F.2d 1179, 1182–3 (10th Cir. 1973) and *United States v. Snell,* 550 F.2d 515 (9th Cir. 1977) (conspiracy to violate § 2113(a)) *with United States v. Culbert, supra.* The Court concludes that petitioner's assigned legal error is not sufficiently fundamental to warrant relief in *coram nobis.*

Of course, were petitioner to be tried today for the same offense, 18 U.S.C. § 2113(a) would not sustain a conviction on appeal. In 1971, some six years prior to the *Culbert* decision, however, the matter was not so clear. Thus, the error is not fundamental, as it does not—and did not—affect the proceedings in such a manner as to cause serious injustice.

■ Furthermore, *coram nobis* is not to be used as a vehicle for retrying adjudicated facts. The adjudicated facts in this case show that petitioner's conduct was unquestionably culpable. His propensity, in 1971, for utilizing violence or threats of violence to obtain money is a factor that *should* be considered by the United States Parole Commission in setting petitioner's release date. Should the Court now vacate petitioner's conviction, the Parole Commission would not be able to consider petitioner's culpable conduct in setting his parole

date. *See* 28 C.F.R. § 2.20 (Salient Factor Score Determination). Indeed, to consider conduct for which petitioner had been tried—and acquitted—would probably amount to arbitrary action vulnerable to habeas corpus attack. The same would most likely be true in the instant case. Thus, the Court rejects petitioner's application in *coram nobis* (a) because it finds the legal error asserted not sufficiently fundamental to grant relief in *coram nobis*, and (b) because even if the error is seen as fundamental, the error does not erase petitioner's culpability for his conduct, and the Court does not wish to disable the Parole Commission from considering such conduct in setting the appropriate release date for petitioner.

Petitioner's application for a writ of *coram nobis* vacating his conviction is denied.