REVERSED and REMANDED for further proceedings.

**Minoru YASUI, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 84–3730.**

United States Court of Appeals, Ninth Circuit.

Argued May 7, 1985.

Submitted May 29, 1985.

Decided Oct. 4, 1985.

Wallace, Circuit Judge, filed dissenting opinion.

Peggy Nagae, Eugene, Or., Clayton C. Patrick, Salem, Or., for petitioner-appellant.

Victor D. Stone, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before KILKENNY, WALLACE, and SNEED, Circuit Judges.

SNEED, Circuit Judge:

Defendant-petitioner Minoru Yasui appeals from an order of the district court vacating his conviction, dismissing his indictment, and dismissing his petition for a writ of error *coram nobis.* We hold that the appeal is untimely and remand the case to the district court for a determination of whether the time for appeal should be extended because of excusable neglect.

## I.

### PROCEEDINGS BELOW

On April 22, 1942, Minoru Yasui was indicted in the United States District Court for the District of Oregon under the Act of March 21, 1942, Pub.L. No. 77–503, 56 Stat. 173, for violating a wartime curfew order. The curfew order, Public Proclamation No. 3 of the Western Defense Command, 7 Fed.Reg. 2543 (1942), was issued by General John L. DeWitt on March 24, 1942, and required all persons of Japanese ancestry in certain far western states to be in their homes between the hours of 8:00 PM and

6:00 AM. On November 16, 1942, Yasui was convicted and sentenced to one year in prison and a $5,000 fine. *United States v. Yasui*, 48 F.Supp. 40 (D.Or.1942). The United States Supreme Court affirmed the conviction, but remanded the case to the district court for resentencing. *Yasui v. United States*, 320 U.S. 115, 63 S.Ct. 1392, 87 L.Ed. 1793 (1943). On remand the sentence was reduced to 15 days imprisonment. *United States v. Yasui*, 51 F.Supp. 234 (D.Or.1943).

On February 1, 1983, Yasui petitioned the district court for a writ of error *coram nobis*. He alleged that the government had suppressed and manipulated evidence in order to create the false impression of a serious wartime threat from Japanese Americans. In his petition he requested that the district court declare unconstitutional the curfew order that he had been convicted of violating and that the court dismiss his indictment and vacate his conviction based on a new consideration of the evidence.

In response to Yasui's petition, the government moved to dismiss Yasui's indictment, vacate his conviction, and dismiss his petition for writ of error *coram nobis*. Yasui opposed the government's motion. He claimed that he was entitled to a finding that his constitutional rights had been violated, and he argued that a simple dismissal of his indictment and vacation of his conviction without such a finding provided him insufficient relief. On January 26, 1984, the district court granted the government's motion.[1]

On March 2, 1984, Yasui filed in this court a Notice of Appeal of the district court's order. On June 25, 1984, the government moved to dismiss the appeal as untimely.

## II.

### DISCUSSION

The time allowed for filing a notice of appeal differs between civil and criminal cases. Under Rule 4(a) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case to which the United States is a party must be filed within 60 days after the date of entry of the judgment or order appealed from. Under Rule 4(b), a notice of appeal by the defendant in a criminal case must be filed within 10 days. The district court may, however, "[u]pon a showing of excusable neglect," extend the time for filing a notice of appeal in a criminal case for up to an additional 30 days.

Yasui filed his notice of appeal 36 days after the entry of the district court's order granting the government's motion and dismissing his petition. He did not request, and the district court did not grant, an extension of time. Therefore, the timeliness of this appeal depends on whether the 60-day civil time limit (Rule 4(a)) or the 10-day criminal time limit (Rule 4(b)) applies to this appeal.

The question is an open one in this circuit. Neither statute, rule, nor precedent dictates the answer. The petition for writ of error *coram nobis* is a judicially created, extra-statutory proceeding, to which neither the Federal Rules of Civil Procedure, nor the Federal Rules of Criminal Procedure, nor any other set of rules are explicitly applicable. Moreover, the two federal courts of appeals that have reached this issue have arrived at opposite conclusions.

The writ of error *coram nobis* fills a void in the availability of post-conviction remedies in federal criminal cases. A convicted defendant who is in federal custody and claims that his sentence "was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack" may move to have his sentence vacated, set aside, or corrected under 28 U.S.C. § 2255. But a defendant who has served his sentence and been released from custody has no statutory avenue to relief from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact.

---

**1.** On appeal, both parties treat the government's motion as one made pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. Neither the government's motion nor the district court's order, however, referred to that rule.

■ The Supreme Court held, in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), that the common-law writ of error *coram nobis* is available to provide such relief.[2] The writ was abolished as a form of relief from civil judgments by Rule 60(b) of the Federal Rules of Civil Procedure, but the Court in *Morgan* held that it survives as a post-sentence remedy in criminal cases, and that the district courts have power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a).

In choosing an appropriate time limit for appeal, the only assistance that the *Morgan* opinion provides is contained in a footnote to the opinion. The footnote states that a *coram nobis* proceeding "is of the same general character as one under 28 U.S.C. § 2255." 346 U.S. at 506 n. 4, 74 S.Ct. at 249 n. 4. This observation suggests that one might look to section 2255 and its associated rules for guidance. That section provides that "[a]n appeal may be taken ... as from a final judgment on application for a writ of habeas corpus," and Rule 11 of the Rules Governing Section 2255 Proceedings specifies that the time for appeal is governed by Rule 4(a), the civil provision of the Appellate Rules.

The same footnote in *Morgan* states, however, that a *coram nobis* petition "is a step in the criminal case and not, like habeas corpus ..., the beginning of a separate civil proceeding." 346 U.S. at 505 n. 4, 74 S.Ct. at 249 n. 4. This observation suggests that the criminal time limit should apply.

Precedent, as already mentioned, points in opposite directions. The Second Circuit, in *United States v. Keogh*, 391 F.2d 138, 140 (2d Cir.1968), concluded that the civil time limit should apply to *coram nobis* appeals; the Eighth Circuit, in *United States v. Mills*, 430 F.2d 526, 527–28 (8th Cir.1970) *cert. denied*, 400 U.S. 1023, 91 S.Ct. 589, 27 L.Ed.2d 636 (1971), applied the criminal time limit.

■ We, like the Eighth Circuit, hold that the time for appeal of the dismissal of the petition in this case is governed by Appellate Rule 4(b), the criminal provision. We reach this conclusion because the petition is, as the Supreme Court stated in *Morgan*, "a step in the criminal case." The purpose of the petition is the setting aside of the petitioner's criminal indictment and conviction. Absent an express congressional command to the contrary, the criminal time limit should therefore apply.

■ We decline to apply the civil time limit by analogy to cases under 28 U.S.C. § 2255. That section establishes a special, statutory remedy with its own particular procedural requirements and limitations, and explicitly authorizes the taking of appeals as in habeas corpus cases. No such structure surrounds the *coram nobis* writ. The petitioner had no reason to rely on the time limit applicable to section 2255 proceedings.

We therefore conclude that, the petitioner having failed to file his notice of appeal within the 10-day period applicable in criminal cases, this appeal is untimely.

## III.

### REMAND TO DISTRICT COURT

■ Rule 4(b) of the Federal Rules of Appellate Procedure provides that "[u]pon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed thirty days." Such an extension would render the notice of appeal in this case timely.

In *United States v. Stolarz*, 547 F.2d 108, 111–12 (9th Cir.1976), this court held

---

**2.** A writ of error *coram nobis* is also available to correct egregious legal errors in prior convictions. *See, e.g., Navarro v. United States,* 449 F.2d 113 (9th Cir.1971) (allowing assertion of a self-incrimination defense); *Lewis v. United States,* 314 F.Supp. 851 (D.Alaska 1970) (same); *see also United States v. Morgan,* 346 U.S. 502, 507–08, 74 S.Ct. 247, 250–51, 98 L.Ed. 248 (1954) (noting that the writ has been commonly used in this fashion); *United States v. Wickham,* 474 F.Supp. 113, 116 (C.D.Cal.1979) (noting that only fundamental legal errors can justify issuance of the writ; refusing to issue the writ).

that, under these circumstances, it is appropriate to remand the case to allow the appellant to make a showing of excusable neglect. We therefore remand the case to the district court to allow appellant thirty days in which to request an extension of time to file a notice of appeal, and we retain jurisdiction and postpone ruling on the motion to dismiss the appeal pending the outcome of the proceedings below.

REMANDED.

WALLACE, Circuit Judge, dissenting:

The majority holds that the time limit for criminal appeals should apply to appeals from denial of a writ of error coram nobis. Because I believe this conclusion is based upon an erroneous reading of *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (*Morgan*), I respectfully dissent.

The majority pegs its reasoning on footnote 4 of *Morgan.* The majority deems the first sentence of that footnote to be controlling: a coram nobis petition "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." *Id.* at 505 n. 4, 74 S.Ct. at 249 n. 4.

The Supreme Court in *Morgan* did not intend to impose on coram nobis proceedings all of the rules of criminal procedure. To the contrary, the Court observed in the same footnote that a coram nobis petition "is of the same general character as one under 28 U.S.C. § 2255." *Id.* at 506 n. 4, 74 S.Ct. at 249 n. 4. The Court cites the reviser's note to section 2255, *id.*, which points this out vividly: "This section restates, clarifies and simplifies the procedure in the nature of the ancient writ of error coram nobis. It provides an expeditious remedy for correcting erroneous sentences without resort to habeas corpus." 28 U.S.C. § 2255 reviser's note. When the Court in *Morgan* allowed coram nobis petitions beyond those authorized by section 2255, it in no way held that rules appropriate for section 2255 are inappropriate for all other coram nobis proceedings.

Indeed, it seems to me that the Court's limited purpose in drawing the connection between the coram nobis petition and the prior criminal trial was to emphasize the fact that rule 60(b) of the Federal Rules of Civil Procedure, although it abolished coram nobis in purely civil matters, was not intended to affect the common law of coram nobis related to judgments in criminal cases. *See United States v. Balistrieri*, 606 F.2d 216, 220–21 (7th Cir.1979), *cert. denied*, 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980) (*Balistrieri*); *Neely v. United States*, 546 F.2d 1059, 1066 (3d Cir.1976) (*Neely*); *United States v. Keogh*, 391 F.2d 138, 140 (2d Cir.1968) (*Keogh*); *United States v. Tyler*, 413 F.Supp. 1403, 1404–05 (M.D.Fla.1976) (*Tyler*). I believe that the majority errs when it applies the Court's words without proper reference to their limited purpose, and without giving serious consideration to the Supreme Court's more general direction that coram nobis and section 2255 proceedings should be treated analogously. The Seventh Circuit has accurately interpreted the meaning of *Morgan*'s footnote 4: "[A] coram nobis motion is a step in a criminal proceeding yet is, at the same time, civil in nature and subject to the civil rules of procedure." *Balistrieri*, 606 F.2d at 221.

The appropriateness of applying the 60-day time limit for appeals to both section 2255 motions and coram nobis petitions becomes apparent on reflection. The Second Circuit concluded that similar time limits are called for under *Morgan*, observing that "policy considerations supporting prescription of a very short time for appeal in a criminal case are notably absent in *coram nobis.*" *Keogh*, 391 F.2d at 140. For purposes of time limits for appeal, I see no reason to distinguish between common law coram nobis, section 2255 coram nobis, and even a petition for writ of habeas corpus. *Cf. United States v. Taylor*, 648 F.2d 565, 571 n. 21, 573 & n. 25 (9th Cir.) (coram nobis petitions should be treated like section 2255 claims and habeas corpus petitions for purposes of analyzing issues and determining the necessity of a hearing), *cert. denied*, 454 U.S. 866, 102 S.Ct. 329, 70

L.Ed.2d 168 (1981); *Neely*, 546 F.2d at 1066 (common law coram nobis action for relief from criminal judgments need not be characterized as criminal in nature); Rules Governing Section 2255 Proceedings for the United States District Courts Rule 1 advisory committee note ("the fact that Congress has characterized the [section 2255] motion as a further step in the criminal proceeding does *not* mean that proceedings upon such a motion are of necessity governed by the legal principles which are applicable at a criminal trial").

To obtain a writ pursuant to either section 2255 or a habeas corpus petition the petitioner still must be "in custody." *See* 28 U.S.C. §§ 2255, 2241(c)-(d); *see also Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) (applying "in custody" requirement for habeas corpus). The common law writ of coram nobis is so far removed from the original trial and the time constraints of the original trial proceeding that it dispenses even with the "in custody" requirement. *Cf. Tyler*, 413 F.Supp. at 1404–05 (that petitioner no longer is in custody reflects civil nature of coram nobis proceeding). Yet now, over 40 years after completion of trial, and over 40 years after Yasui completed his sentence, the majority concludes that the tight time limits of criminal procedure must be applied—even as it admits that those limits are not "explicitly applicable." Maj. op. at 1498. In my judgment, the majority adopts a conclusion which is supported neither by the weight of authority in other circuits, nor by sound policy, nor by *Morgan* itself.