979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
PACIFIC SHIP REPAIR & FABRICATORS, INC., Defendant-Appellant.
 No. 91-50649.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1992.
Decided Nov. 18, 1992.
 
 1
 Before HUG and PREGERSON, Circuit Judges, and PECKHAM,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This misdemeanor case was tried before the magistrate pursuant to the written consent of the parties. A guilty plea was entered on the basis of a plea agreement to the offense of illegal removal of asbestos, in violation of 42 U.S.C. §§ 7412(c)(1)(B) and 7413(c)(1)(C) (1988), and a judgment of conviction was entered. Appellant Pacific Ship Repair and Fabrication, Inc. ("Pacific Ship Repair") filed a motion to withdraw its plea or, in the alternative, for a Writ of Error Coram Nobis.
 
 
 4
 Pacific Ship Repair contended that the whole basis for the plea agreement was to resolve the criminal charge without the resultant effect of being debarred from future government contracts, which would put the company out of business and its 300 employees out of work. A commitment was obtained from the U.S. Navy that the misdemeanor conviction would not result in debarment from future Navy contracts. However, unbeknownst to Pacific Ship Repair, the Environmental Protection Agency ("EPA") had the mandatory statutory duty to debar the company from future government contracts, under 42 U.S.C. § 7606, as a result of the conviction. This was known to the Government though not disclosed to Pacific Ship Repair during the course of plea negotiations.
 
 
 5
 Under the plea agreement, 13 employees were discharged and the board of directors was replaced. This complete restructuring of the corporation to avoid debarment under the plea agreement was futile because of the automatic statutory debarment by the EPA, which was known to the Government but unknown to Pacific Ship Repair. The conviction was reported by the Government to the EPA. The EPA sent out notices of debarment to government agencies, including the Navy with whom Pacific Ship Repair did its major business.
 
 
 6
 After a hearing on the petition to withdraw the guilty plea, the magistrate entered an order stating
 
 
 7
 The Court finds that the central and pivotal aspect of the plea bargain in this cause was to obtain the complete and whole termination of the cause with the end result that Defendant would suffer no further ramifications or consequences as a result of the conviction and would be able to continue contracting with the Government in general and the United States Navy in particular.
 
 
 8
 The Court further finds that this aspect of the plea bargain was breached in that the conviction resulted in the automatic debarment of Defendant from contracting with the United States Government or any of its agencies.
 
 
 9
 The Court, therefore, finds that the guilty plea in this case was not freely, voluntarily, knowingly and intelligently made.
 
 
 10
 Upon these findings and upon all of the proceedings had herein, IT IS HEREBY ORDERED THAT the guilty plea entered in this cause was null and void ab initio and that the conviction, sentence, and judgment entered thereupon were also completely null and void and of no legal effect.
 
 
 11
 The magistrate then entered an order setting aside the judgment, conviction, and plea.
 
 
 12
 The district court thereafter granted the Government's petition for a writ of mandamus setting aside the magistrate's order on the following grounds:
 
 
 13
 1. That the magistrate lacked jurisdiction because the motion was improperly brought under Fed.R.Crim.P. 32(d).
 
 
 14
 2. That Pacific Ship Repair's arguments that the Government breached the plea agreement, and the Government should have informed the defendant of the operation of 42 U.S.C. § 7606 were without merit.
 
 
 15
 In considering the district court's order we note that "[t]he remedy of mandamus is a drastic one, to be involved only in extraordinary situations." Kerr v. United States District Court, 426 U.S. 394, 402 (1976) (citations omitted). Additional care is involved when mandamus is sought in a criminal proceeding. Will v. United States, 389 U.S. 90, 96 (1967).
 
 
 16
 In Bauman v. United States District Court, 557 F.2d 650, 654-55 (9th Cir.1977), we put forth five factors to be considered by a court issuing a writ of mandamus:
 
 
 17
 1. Whether the party seeking the writ has no other adequate means, such as direct appeal, to attain relief;
 
 
 18
 2. Whether the petitioner will be damaged or prejudiced in a manner which cannot be corrected on appeal;
 
 
 19
 3. Whether the district court's order is clearly erroneous as a matter of law;
 
 
 20
 4. Whether the district court's order is an oft-repeated error or manifests a persistent disregard for federal rules; and
 
 
 21
 5. Whether the district court's order raises new and important problems or issues of law of first impression.
 
 
 22
 "The considerations are cumulative and proper disposition will often require a balancing of conflicting indicators." Id. at 655.
 
 
 23
 The district court was correct that the magistrate did not have jurisdiction to grant relief under 28 U.S.C. § 2255 because habeas corpus relief is unavailable to a corporation, which can never be held in custody. See Maleng v. Cook, 490 U.S. 488 (1989). However, "[t]he petition for a writ of error coram nobis is a judicially created, extra-statutory proceeding, to which neither the Federal Rules of Civil Procedure, nor the Federal Rules of Criminal Procedure, nor any other set of rules are explicitly applicable." Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir.1985). Coram nobis relief is available under certain circumstances to challenge the validity of a conviction even though appellate remedies and habeas corpus relief are no longer available. United States v. McClelland, 941 F.2d 999, 1002 (9th Cir.1991). The magistrate did have jurisdiction to grant coram nobis relief.
 
 
 24
 We have identified four factors that must be fulfilled to qualify for coram nobis relief:
 
 
 25
 1. A more usual remedy is not available;
 
 
 26
 2. Valid reasons exist for not attacking the conviction earlier;
 
 
 27
 3. Adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and
 
 
 28
 4. The error is of the most fundamental character.
 
 
 29
 McClelland, 941 F.2d at 1002. An order granting a petition for a writ of error coram nobis is a final appealable judgment. Yasui, 772 F.2d at 1499. No appeal was taken by the Government in this case. Coram nobis "is a step in the criminal case and not, like habeas corpus ..., the beginning of a separate civil proceeding." United States v. Morgan, 346 U.S. 502, 506 n. 4 (1954), quoted in Yasui, 772 F.2d at 1499. The magistrate who presided over the criminal case had set aside the conviction under a petition for a writ of coram nobis. Whether he did so properly under the four factors set forth in McClelland was a matter that could have been raised on direct appeal to the district court. The Government did not do so. Instead, the Government filed a petition for a writ of mandamus.
 
 
 30
 We find no authority permitting a party to challenge, by way of mandamus, an order that could have been appealed but was not. None of the Bauman factors justifies mandamus relief in cases such as this. In fact, the first Bauman factor listed above provides that the availability of direct appeal cuts against issuing a writ of mandamus. The writ of mandamus should not have issued in this case. We therefore reverse the district court and reinstate the order of the magistrate setting aside the conviction and permitting the withdrawal of Pacific Ship Repair's guilty plea.
 
 
 31
 REVERSED.
 
 
 
 *
 The Honorable Robert F. Peckham, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3