21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rufus AYLWIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-55920.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 22, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rufus Aylwin, a federal prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2255 motion. In 1967, Aylwin pleaded guilty to importation of marijuana and was sentenced to six years imprisonment. He claimed in his Sec. 2255 motion, and contends on appeal, that (1) his 1967 conviction is unconstitutional and although already served, should be vacated, and (2) the Parole Commission incorrectly relied upon the 1967 conviction to increase the sentence he must serve before being eligible for parole on his 1989 conviction. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Aylwin and his brother were arrested in El Centro, California on August 14, 1967, and indicted for smuggling marijuana. Aylwin pleaded guilty, and the District Court for the Southern District of California sentenced him to an indeterminate sentence of up to six years under the Federal Youth Corrections Act. He was paroled on July 24, 1968. His parole terminated on October 18, 1973, whereupon the Parole Commission issued a certificate setting aside the conviction. On April 21, 1989, the District Court for the Western District of Washington sentenced Alywin to thirteen years imprisonment for his February 1989 conviction for the importation of marijuana. On December 11, 1992, Aylwin filed a Sec. 2255 motion to vacate his sentence imposed following the 1967 conviction.
 
 
 4
 First, Aylwin contends that the district court erred in denying his Sec. 2255 motion based upon its finding that he is no longer in custody for the conviction he is challenging. This contention lacks merit.
 
 
 5
 Relief under 28 U.S.C. Sec. 2255 is not available to a defendant who has completed his sentence and is released from custody for the conviction he is challenging. 28 U.S.C. Sec. 2255; Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987). Custody is measured at the time the petition is filed. Tyars v. Finner, 709 F.2d 1274, 1279 (9th Cir.1983).
 
 
 6
 When Aylwin filed his Sec. 2255 motion on December 11, 1992, he had been out of custody for the 1967 conviction for approximately nineteen years. See Tyars, 709 F.2d at 1279. Therefore, the district court did not err by finding that Aylwin had completed his sentence, been released from custody and was ineligible for Sec. 2255 relief. See Hirabayashi, 828 F.2d at 604.[1]
 
 
 7
 Second, Aylwin contends that the Parole Commission erred in relying on his 1967 conviction in determining his eligibility for parole on the 1989 sentence. He must address this 28 U.S.C. Sec. 2241 claim to the district court with personal jurisdiction over his custodian. See 28 U.S.C. Sec. 2241; United States v. Young, 936 F.2d 1050, 1052 (9th Cir.1991) (per curiam) (court will determine true nature of motion; nomenclature assigned by movant is not controlling).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Post-sentence relief from the collateral consequences of an unconstitutional conviction is available via a coram nobis petition. United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir.1989). An appeal from the denial of a writ of error coram nobis must be filed within ten days. Yasui v. United States, 772 F.2d 1496, 1499 (1985)
 The district court indicated in its April 7, 1993 order that even if the Sec. 2255 motion were reviewed as a writ of error coram nobis, it would be denied. Aylwin appealed from this decision on May 24, 1993.
 The appeal is beyond the ten day limit for an appeal from a denial of a writ coram nobis. See id. Therefore, even if his appeal were treated as an appeal from the denial of a coram nobis petition, Aylwin is not entitled to relief because his appeal is untimely.