98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert M. MAYES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-56818.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 11, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Robert M. Mayes appeals pro se the district court's denial of his petition for writ of error coram nobis. He contends the district court erred when it denied him relief. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's factual findings for clear error and its conclusions of law de novo. Hirabayashi v. United States, 828 F.2d 591, 594 (9th Cir.1987). We affirm.
 
 
 3
 On May 27, 1969, Mayes pleaded guilty to one count of bank robbery. At his Rule 11 hearing, Mayes testified that: he was subject to a twenty-year maximum sentence; no person had promised him any particular sentence; counsel had not told him what sentence the court would impose; and he understood that only the court would determine what sentence he would receive. Mayes v. Pickett, 537 F.2d 1080, 1084 (9th Cir.), cert. dismissed, 434 U.S. 801 (1976), and cert. denied, 431 U.S. 924 (1977). At that same hearing, the court asked counsel if he had told Mayes what sentence the court would impose. Counsel responded: "No, sir. I said that the maximum sentence was twenty years, and I informed him of the possibility of the hospitalization ..." Id. On June 23, 1969, the district court sentenced Mayes to fifteen years in prison.
 
 
 4
 Thereafter Mayes filed one rule 35 motion and three section 2255 motions. In all three section 2255 motions, Mayes raised the following claim: that his plea was involuntary because (a) counsel told him that counsel was close to the judge and could fix things up for him; and (b) counsel promised him that he would receive a seven-year sentence and be placed in a hospital for drug addiction treatment. Mayes raises this same claim in his coram nobis petition.
 
 
 5
 On appeal from the denial of Mayes's third section 2255 motion, this court in 1976 reluctantly concluded that a hearing was necessary because the records and files in the case did not conclusively show that Mayes was not entitled to relief. Id. at 1083. Pending disposition of the government's petition for certiorari, this court stayed issuance of the mandate. On May 16, 1977, the Surpeme Court denied certiorari. On May 23, 1977 and May 26, 1977, this court and the district court received copies of that order. No hearing was ever conducted.
 
 
 6
 On June 15, 1995, Mayes filed the petition for writ of error coram nobis, which underlies this appeal. In that petition, Mayes alleged he was never notified of this court's 1976 decision and that he had been prejudiced by the lack of a timely hearing because counsel's alleged promises purportedly were made in the presence of Mayes's mother who died in 1981.
 
 1. Timeliness of Appeal
 
 7
 An appeal from the denial of a writ of error coram nobis must be filed within ten days. Yasui v. United States, 772 F.2d 1496, 1499 (1985). A notice of appeal by an inmate confined in an institution is timely filed in a civil or criminal case if it is "deposited in the institution's internal mail system on or before the last day of filing." Fed.R.App.P. 4(c).
 
 
 8
 The Government maintains that this court lacks jurisdiction to entertain Mayes's appeal because it was not timely filed. The district court's judgment was entered on November 6, 1995. Mayes alleges he delivered his notice of appeal to prison authorities on November 16, 1995. On December 4, 1995, the district court filed Mayes's notice of appeal which Mayes dated November 16, 1995. For the purposes of this disposition, we assume that Mayes's notice of appeal was timely filed. See id.
 
 2. Merits of the Petition
 
 9
 Coram nobis is an extraordinary writ which will issue only " 'under circumstances compelling such action to achieve justice.' " Hirabayashi, 828 F.2d at 604 (supporting citations omitted). To receive relief, petitioner must demonstrate four factors: (1) a more usual remedy is not available; (2) valid reasons exist for not having attacked the conviction earlier; (3) sufficient adverse consequences exist from the conviction to avoid mootness; and (4) the error is of the most fundamental character. Id.
 
 
 10
 As part of its opposition to Mayes' petition for coram nobis, the government filed a declaration by counsel who represented Mayes at the time of his plea. Counsel acknowledges that he does not remember the specific advice he gave Mayes regarding his plea. Under penalty of perjury, however, counsel swears that he would never and has never promised a client either a specific sentence or that he would be committed to a hospital for treatment. Counsel also was certain that he never told Mayes he was close to the judge or could fix things up for him.
 
 
 11
 Given counsel's declaration and Mayes's testimony at his Rule 11 hearing, we are satisfied that the district court properly denied the writ without conducting an evidentiary hearing. See id.; Shah v. United States, 878 F.2d 1156, 1160 (9th Cir.1989) (district court may use documentary evidence to decide an issue rather than conduct evidentiary hearing), cert. denied, 493 U.S. 869 (1989); see also Telink, Inc. v. United States, 24 F.3d 42, 47 (9th Cir.1994) (reasonable diligence required of coram nobis petitioner).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3