**UNITED STATES of America**

v.

**Rodney Allen BEARDEN.**

**No. Crim A. 1:83–CR–0273–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 26, 1999.

Richard Deane, United States Attorney, Atlanta, GA, for Government.

Jeffrey Walker Frazier, Dunwoody, GA, for defendant Bearden.

### ORDER

FORRESTER, District Judge.

This matter is before the court on Petitioner's motion for extension of time to file a notice of appeal [4–1].

Petitioner filed a motion for a writ of error *coram nobis* with this court on July 24, 1997. This court denied Petitioner's motion in an Order entered October 27, 1998. Judgment was entered October 30, 1998. On November 25, 1998, Petitioner filed a motion to extend time within which to file his notice of appeal, explaining that his counsel had ceased to practice "public law" and was therefore unavailable to file his appeal. He requested additional time within which to secure counsel. Petitioner filed a notice of appeal on December 22, 1998.

The court may grant a motion for extension of time within which to file a notice of appeal where a party moves for extension no later than 30 days after the time for appeal expires and where the party shows excusable neglect and good cause for failing timely to file an appeal. Fed.R.App.P. 4(a)(5)(A). However, "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the mo-tion is entered, whichever is later." Fed. R.App.P. 4(a)(5)(C).

Under the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within 30 days after the judgment or order appealed from is entered, or within 60 days where the government is a party. Fed.R.App.P. 4(a)(1). A criminal notice of appeal must be filed within 10 days after either the entry of judgment or order being appealed or the filing of the government's notice of appeal, unless the government exercises a right to appeal, in which case the time limit is 30 days. Fed.R.App.P. 4(b)(1). There is a split among the federal courts as to whether the civil or criminal time limits should apply to *coram nobis* appeals.

The Supreme Court, in *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), stated in a footnote in reference to a motion for writ of error *coram nobis* that:

> Such a motion is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding. While at common law the writ of error *coram nobis* was issued out of chancery like other writs, ... the procedure by motion in the case is now the accepted American practice. As it is such a step, we do not think that Rule 60(b), Fed.Rules Civ.Proc., expressly abolishing the writ of error *coram nobis* in civil cases, applies. This motion is of the same general character as one under 28 U.S.C. § 2255.

*Id.* at 505–06, n. 4, 74 S.Ct. 247 (citations omitted). The Federal Circuit Courts of Appeals have construed this language in opposite ways and are divided as to whether *coram nobis* appeals are to be governed by the civil or criminal time limits for appeals.

The Second, Fifth, and Seventh Circuits have held that the civil time limit should apply to *coram nobis* appeals, where the Eighth and Ninth Circuits have applied the criminal appeals time limit. The

**1348**

Eighth and Ninth Circuits both relied upon the statement in *Morgan* that a writ of error *coram nobis* is a "step in a criminal case" and reasoned that it should therefore be governed by the criminal time limit for filing appeals. *See United States v. Mills,* 430 F.2d 526, 528 (8th Cir.1970); *Yasui v. United States,* 772 F.2d 1496, 1499 (9th Cir.1985).

The Second, Fifth, and Seventh Circuits, on the other hand, relied upon the language in *Morgan* which compares a *coram nobis* motion to one brought pursuant to 28 U.S.C. § 2255 in holding the civil time limit to apply. For example, in *United States v. Keogh,* 391 F.2d 138 (2nd Cir. 1968), the Second Circuit relied on the latter part of the Supreme Court's comments in *Morgan* comparing the writ of *coram nobis* to a petition under 28 U.S.C. § 2255, and applied the civil rules for appeals, noting in addition that the "policy considerations supporting prescription of a very short time for appeal in a criminal case are notably absent in *coram nobis.*" *Id.* at 140. Similarly, in *United States v. Cooper,* 876 F.2d 1192 (5th Cir.1989), *abrogated on other grounds in Smith v. Barry,* 502 U.S. 244, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992), the Fifth Circuit adopted the civil time limit for *coram nobis* appeals, explaining that the Supreme Court in *Morgan* only meant to distinguish *coram nobis* from habeas corpus, for a "*coram nobis* proceeding is brought in the sentencing court, like a § 2255 motion, while habeas corpus proceedings originate in the district of confinement." *Id.* at 1194. Because the *coram nobis* motion was compared by the Supreme Court to a § 2255 motion, the Fifth Circuit applied the rules for civil appeals applicable to § 2255 motions to the *coram nobis* appeal. *Id.* Finally, the Seventh Circuit in *United States v. Craig,* 907 F.2d 653 (7th Cir.1990), relied on both the language of *Morgan* and the policy reasons underlying the imposition of criminal and civil time limits for appeal in adopting the civil time limit, stating that "[b]ecause a section 2255 motion closely resembles a petition for a writ of error *coram nobis,* it

is best to treat them consistently for the timing of a notice of appeal." *Id.* at 657.

The Eleventh Circuit has not spoken to the issue of whether to apply the civil or criminal time limits to *coram nobis* appeals. Finding the reasoning of the Second, Fifth and Seventh Circuits more persuasive than that of the Eighth and Ninth Circuits, this court will apply the civil time limit of Fed.R.App.P. 4(a) to Petitioner's *coram nobis* appeal. The court agrees with the logic of the Second, Fifth and Seventh Circuits that the language of the Supreme Court in *Morgan* anticipates that similar rules regarding time for appeals will apply to both § 2255 and *coram nobis* appeals. Accordingly, the court finds that Petitioner was required to file his notice of appeal in accordance with Fed.R.App.P. 4(a) rather than 4(b).

Because the government is a party to the instant case, Petitioner was required to file his notice of appeal within 60 days after the order or judgment from which he appeals was entered. Fed.R.App.P. 4(a)(1). The Order denying Petitioner's request for *coram nobis* relief was entered October 27, 1998, and the judgment denying the same was entered October 30, 1998. Petitioner filed his notice of appeal on December 22, 1998. The court finds that Petitioner properly filed his notice of appeal within the 60–day time limit set forth in Fed.R.App.P. 4(a).

Accordingly, although Petitioner properly filed a motion for extension of time as required by Rule 4(a)(5)(A), and even though he has shown good cause for the untimely filing of his appeal, the court need not exercise its power to extend the time for filing a notice of appeal. Instead, Petitioner's motion to extend time for filing his notice of appeal [4–1] is DENIED AS MOOT, for Petitioner already complied with the Federal Rules of Appellate Procedure and timely filed a notice of appeal with this court on December 22, 1998.