**Barry DIBBLE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–35378.

D.C. No. CR–76–00019–JKS.

United States Court of Appeals, Ninth Circuit.

---

Submitted Nov. 5, 2001 *.

Decided Nov. 15, 2001.

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM **

■ California state prisoner Barry Dibble appeals pro se from the district court's denial of his petition for writ of error coram nobis challenging his 1976 federal conviction for attempted bank robbery based on ineffective assistance of trial counsel.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and dismiss as untimely.

■ On December 12, 2000, the district court entered its order denying Dibble's petition. Dibble did not file his notice of appeal until almost sixty days later on February 9, 2000. Because Dibble did not comply with Fed. R.App. P. 4(b) and because he cannot be saved by any discretionary extension of time under Rule (4)(b)(4), we dismiss the appeal as untimely. *Yasui v. United States,* 772 F.2d 1496, 1498–99 (9th Cir.1985) (concluding that the writ of error coram nobis is a step in the criminal process and therefore appeal must be taken within 10 days).[2]

DISMISSED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Dibble's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Dibble originally filed a 28 U.S.C. § 2255 petition. As Dibble conceded, however, because he is no longer in custody on the challenged conviction, relief under section 2255 is not an available remedy. *See Yasui v. United States,* 772 F.2d 1496, 1498 (9th Cir.1985). Accordingly, this appeal is from the petition construed in the district court as a writ of coram nobis under the all writs act.

2. Dibble's motion for judgment of default is denied.