**Thomas Tuttle TOWNER,
Petitioner–Appellant,**

v.

**State of ARIZONA, Respondent–
Appellee.**

**No. 01–15467.**

**D.C. No. CV–00–01307–RCB.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge,
TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Federal prisoner Thomas Tuttle Towner appeals pro se from the district court's order denying his motion for reconsideration of its order dismissing his petition for writ of coram nobis. We have jurisdiction pursuant to 28 U.S.C. § 1291, review for abuse of discretion, *see Shalit v. Coppe*, 182 F.3d 1124, 1127 (9th Cir.1999), and we affirm.

Towner filed a petition for writ of coram nobis challenging his 1968 Arizona state conviction for robbery. As the district court correctly concluded, however, coram nobis relief is available only to challenge federal convictions. *See Yasui v. United States*, 772 F.2d 1496, 1498 (9th Cir.1985) ("the writ of error coram nobis fills a void in the availability of post-conviction remedies in *federal* criminal cases").[1]

**AFFIRMED.**

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. To the extent Towner sought redress under 28 U.S.C. §§ 2254 and 2255, the district court properly denied relief, because the district court lacked jurisdiction over a section 2254 petition attacking a state conviction where the sentence has already expired. *Maleng v. Cook*, 490 U.S. 488, 491–92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (holding that petitioner challenging expired state conviction is not "in custody" for purposes of federal habeas relief even if expired conviction may be used to enhance a subsequent conviction). Towner also is precluded from section 2255 relief because his underlying federal sentence was neither imposed in Arizona nor does he allege this is the case. 28 U.S.C. § 2255; *see also United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Finally, section 2255 is unavailable to challenge the state conviction used to enhance Towner's federal sentence because he has failed to show that he was denied the right to counsel. *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (extending to § 2255 proceedings the prohibition against challenges to expired state convictions that enhance a federal sentence).