NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-15111 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 1:10-cv-00275-ALA-LK<br>1:02-cr-00547-ALA-1 |
| KENNETH CHARLES MCNEIL, AKA Chip, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted July 9, 2020[**]
Honolulu, Hawaii

Before:  OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Appellant Kenneth Charles McNeil appeals the denial of a petition for a writ

of error coram nobis challenging his 2003 conviction for violating 18 U.S.C.

§ 2262(a)(1) by traveling in interstate commerce with the intent to violate a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

protection order that prohibited him from being within 100 yards of a relative's minor child, and subsequently violating that order. McNeil asserts that he could not have traveled with an intent to violate the protective order because he did not believe there would be an opportunity to violate the protective order. We review de novo a district court's denial of a petition for writ of error coram nobis. *See United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). We now affirm the district court's denial of McNeil's petition.

McNeil finished serving his sentence in 2006, and then completed his three-year term of supervised release over a decade ago. His current petition is his fourth post-conviction motion, and his third petition for coram nobis relief. To obtain relief under this "extraordinary writ," a petitioner must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). At a minimum, McNeil fails to satisfy requirements (2) and (4) of the above.

McNeil has demonstrated no valid reason for failing to raise his arguments earlier either on direct appeal or through a 28 U.S.C. § 2255 petition. McNeil claims he satisfied this requirement because he "filed his [current] coram nobis

2

petition with the district court as soon as possible" after the government allegedly announced a new legal theory in response to his second coram nobis petition that was never presented to the jury. Even assuming McNeil's characterization of the government's actions is correct, coram nobis relief is typically confined to addressing newly discovered fundamental errors (such as factual errors, egregious legal errors, or extraordinary exculpatory evidence) that existed at the time of trial and which are not otherwise subject to standard time constraints. *See, e.g.*, *United States v. Morgan*, 346 U.S. 502, 511–12 (1954) (holding that writ of error coram nobis was appropriate vehicle for prisoner's request that prior conviction be vacated for failure to advise him of his right to counsel, and where "no other remedy [was] then available and sound reasons exist[ed] for failure to seek appropriate earlier relief"); *Hirabayashi*, 828 F.2d at 593–94, 601 (finding coram nobis relief available where previously concealed documents provided irrefutable proof, unavailable during the period of defendant's sentence, that the wartime measures he was convicted of violating were motivated by racial bias); *Navarro v. United States*, 449 F.2d 113, 114 (9th Cir. 1971) (finding coram nobis relief available where a particular legal defense was unavailable at time of defendant's conviction and would have provided a complete defense to defendant's charge). Because nothing prevented McNeil from identifying and challenging the alleged legal error either on direct appeal or via habeas petition, he fails to demonstrate

3

why his arguments could not have been raised earlier.

McNeil has also failed to meet his burden of demonstrating the jury erred at all in convicting him, much less that it was an error "of the most fundamental character." *See Riedl*, 496 F.3d at 1006 (internal quotation marks and citation omitted). The question of intent is a factual determination to be made by the jury, *see Baker v. United States*, 310 F.2d 924, 930 (9th Cir. 1962), and the jury instructions here were and are uncontested. Based on the evidence presented at the trial, a reasonable jury could conclude that McNeil traveled to Hawaii with intent to engage in conduct violative of the protective order. *See* 18 U.S.C. § 2262(a)(1). This is a far cry from the highly unusual situation that would merit this exceedingly rare form of relief. *Riedl*, 496 F.3d at 1005; *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." (second alteration in original) (internal quotation marks and citation omitted)).

Finally, the district court made no error in denying an evidentiary hearing because the record conclusively shows that McNeil is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Taylor*, 648 F.2d 565, 573 n.25 (9th Cir. 1981) ("Whether a hearing is required on a coram nobis motion should be resolved in the same manner as habeas corpus petitions.").

4

**AFFIRMED.**